## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SANDRA AND JACK SIMMONS**                                  **CIVIL ACTION**

**VERSUS**                                                    **NO:  07-5911**

**LEXINGTON INSURANCE**                                       **SECTION: "S" (2)**
**COMPANY, ET AL.**

### ORDER AND REASONS

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Rec. Doc. 20) filed by

Randy C. Boudreaux and Advanced Underwriters, Inc. is **GRANTED.**

### BACKGROUND

On August 27, 2007, plaintiffs, Sandra and Jack Simmons, filed suit against their

homeowners' insurance company, Lexington Insurance Company; the insurance agents for their

homeowners' policy, Advanced Underwriters, Inc. and Randy C. Boudreaux; their flood insurance

company, Louisiana Farm Bureau Insurance Company; the insurance agent for their flood policy,

Marcelle Lewis; and the insurance company for their boat liability policy, St. Paul's Insurance

Company.  Plaintiffs allege that their home was almost completely destroyed by Hurricane Katrina,

and that their sailboat was washed away.  Plaintiffs allege the following: Lexington breached the

homeowners' insurance contract; Advanced and Boudreaux failed to advise plaintiffs of the needed

amount of homeowners' coverage; Farm Bureau and Marcelle failed to properly advise plaintiffs

of the needed amount of flood coverage; and St. Paul failed to properly adjust their sailboat claim.

Farm Bureau removed the case to this court alleging federal question jurisdiction under 28 U.S.C. § 1331. Boudreaux and Advanced have filed a motion for partial summary judgment contending that plaintiffs' claims for bad faith penalties and attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220 must be dismissed because these statutes are inapplicable to insurance agents.

## DISCUSSION

### 1.      Standard of Review

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56©). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

### 2.      La. Rev. Stat. §§ 22:658 and 22:1220

La. Rev. Stat. §§ 22:658 states, in pertinent part:

A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

*      *      *      *      *

B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs

2

(A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, . . . .

La. Rev. Stat. § 22:1220 states, in pertinent part:

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

     *  *  *  *  *

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

Boudreaux and Advanced contend that the above-quoted statutes apply to the adjustment and settlement of claims by insurers, and that as insurance agents they did not adjust or have the authority to settle plaintiffs' claims.  Plaintiffs contend that they are not seeking bad faith penalties and attorneys' fees under these statutes for defendants' failure to adjust their claims, but that their claim against Boudreaux and Advanced is for failing to advise plaintiffs of the proper homeowners' coverage.

The clear language of both sections 22:658 and 22:1220 demonstrates that the ***insurer*** can be liable for bad faith penalties and attorneys' fees.  However, the statutes do not include insurance agents.  "[S]tatutes subjecting insurers to penalties are to be considered penal in nature and should

be strictly construed." *Theriot v. Midland Risk Insurance Company*, 694 So.2d 184 (La.1997).

Strictly construing 22:658 and 22:1220, they do not subject insurance agents, such as Boudreaux and

Advanced, to penalties and attorneys' fees.[1]   Therefore, sections 22:658 and 22:1220 are

inapplicable to Advanced and Boudreaux, either for failure to properly adjust claim, or for failure

to advise of proper coverage amounts.

## CONCLUSION

The Motion for Partial Summary Judgment is **granted**.

New Orleans, Louisiana this 3rd day of January, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1]*See also Collins v. State Farm Ins. Co.*, No. 06-6649, 2001 WL 1296240, at *3 (E.D. La. Apr. 30, 2007)(finding that plaintiff failed to state a claim against his insurance agent under sections 22:658 and 22:1220 for failure to timely adjust his claim because those statues do not apply to insurance agents).

4